

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-20-00341-CV

———————————————————

SANAA ALESA AND WAFAA ALZAYATNA, Appellants

V.

ASHLEY ALEXANDRIA MEYER AND SAM ALMASRI, Appellees

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-299710-18

Before Wallach, J.; Sudderth, C.J.; and Gabriel, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Pro se Appellants Sanaa Alesa and Wafaa Alzayatna filed a notice of appeal on October 28, 2020, complaining of the motion to withdraw of their attorney, Appellee Sam Almasri.[1] That same day, we notified Appellants of our concern that we lack jurisdiction over this appeal because the trial court had not signed an order on the withdrawal motion, and, even if the trial court had signed an order on the withdrawal motion, that order would not be a final judgment or an appealable interlocutory order. We informed Appellants that unless they or any party furnished this court with a signed copy of the order on the withdrawal motion and a response showing grounds for continuing the appeal by November 17, 2020, we would dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f). We have received no response.

This court has appellate jurisdiction only of appeals from final judgments and from interlocutory orders that the Texas Legislature has specified are appealable. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. Such judgments or orders must be signed. *See* Tex. R. App. P. 26.1; *Advanced Tech. Transfer & Intellectual Prop. Grp. LLC v. City of Fulshear*, No. 14-18-01065-CV, 2019 WL 4071945, at *1 (Tex. App.—Houston [14th Dist.] Aug. 29, 2019, no pet.) (per curiam) (mem. op.). There is no signed order or judgment in this

---

[1]The motion to withdraw does not appear to have been filed.

2

case.

Even if the trial court had signed an order granting the motion to withdraw, that order would not be an appealable interlocutory order. *In re K.L.*, No. 02-17-00219-CV, 2017 WL 3184684, at *1 (Tex. App.—Fort Worth July 27, 2017, no pet.) (per curiam) (mem. op.); *Davis v. Tex. Dep't of Family & Protective Servs.*, No. 03-10-00624-CV, 2010 WL 4367076, at *1 (Tex. App.—Austin Nov. 5, 2010, no pet.) (mem. op.).

The trial court has not signed an appealable interlocutory order or a final judgment. We therefore dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: December 17, 2020